IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DIVISION OF NORTH CAROLINA
WILMINGTON DIVISION
CIVIL ACTION NO: 7:17-CV-00180-D

BOBBY EDWARD OWENS, JR. AND
PRECISE BUILDING & GROUNDS
MAINTENANCE CORP.,

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

**AMENDED COMPLAINT**
**(JURY TRIAL DEMANDED)**

Plaintiffs, complaining of Defendant, allege the following:

CLAIM—VIOLATION OF N.C.G.S. § 58-36-45

1. Plaintiff Bobby Edward Owens, Jr. (hereinafter Plaintiff Owens), is a resident of New Hanover County, North Carolina.

2. Plaintiff Precise Building & Grounds Maintenance Corp. is a corporation organized under the laws of North Carolina with its principle place of business in New Hanover County, North Carolina.

3. Defendant is duly licensed to do business in North Carolina.

4. On November 2, 2007, Plaintiffs purchased a 2007 Ford F-150 Truck (hereinafter the Truck), and a copy of the Certificate of Title is attached hereto and is labeled "Exhibit A."

5. Upon information and belief, when the Truck was purchased, it was insured by Defendant under the name Bobby Owens d/b/a Precise Building & Grounds Maintenance, with an

insurance Policy No.: 067 1496-E18-33H (and other policy numbers as may have been used after this Policy was renewed) (hereinafter the Policy).

6. In May 2012, Defendant acting on their own initiative and without the request of Plaintiffs, changed the coverage of the Policy by removing Plaintiff Owens as a named insured.

7. Defendant failed to give Plaintiffs written notice of such coverage change, specifically of removing Plaintiff Owens as a named insured, at least 15 days in advance of the effective date of such change as required by N.C.G.S. § 58-36-45.

8. Defendant further failed to comply with the requirement of N.C.G.S. § 58-36-45 as they failed to give a copy of such notice of change of the coverage to the agent.

9. The failure to comply with N.C.G.S. § 58-36-45 renders the attempted change in coverage invalid, null, and void, and the Policy should be reformed to restore Plaintiff Owens as a named insured with full coverage for Plaintiff Owens as a named insured and his wife and family as originally provided in said Policy.

10. Defendant reduced the coverage of the Policy by removing Plaintiff Owens as a named insured but did not reduce the premiums for the Policy.

11. Plaintiffs received no benefit from Defendant removing Plaintiff Owens as a named insured on the Policy.

## CLAIM—MISTAKE

12. The allegations contained in paragraphs 1 through 11 are incorporated herein by reference.

13. At all times alleged herein, Plaintiff Owens was an owner of the Truck and had an insurable interest, and in equity and law, should be a named insured on the Policy issued by Defendant.

14. Plaintiffs never requested or gave permission to have Plaintiff Owens removed as a named insured on the Policy.

15. The removal of Plaintiff Owens as a named insured by an agent of Defendant was a mistake by Defendant's agent and was done without the permission or consent of Plaintiffs.

16. The Court, as a matter of equity, and as a matter of law, is empowered to reform the Policy issued by Defendant on the Truck to restore Plaintiff Owens as a named insured.

17. That it was the intent of Plaintiffs and Defendant to name the correct owners of the Truck which would include Plaintiff Owens as a named insured on the Policy.

18. Plaintiffs were not informed that the Policy had been changed, specifically to exclude Plaintiff Owens as a named insured, and thereby eliminate Underinsured Motorist Coverage (UIM) for himself and his family until a claim was made by Plaintiff Owens' wife following her motor vehicle accident on January 9, 2017.

19. Had Defendant given written notice to Plaintiffs of the change in coverage as required by N.C.G.S. § 58-36-45, Plaintiffs would have had the opportunity to object to the change in coverage or purchase other coverage.

WHEREFORE, Plaintiffs pray the Court as follows:

a. That the insurance contract be reformed under the equitable and legal powers of the Court to restore Plaintiff Owens as a named insured on the Policy;

b. That Defendant be taxed with the cost of this action;

c. That Plaintiffs recover such other relief as the Court deems just and proper;

d. That all issues of fact be tried by a jury.

Dated this day, September 26, 2018

/S/ H. MITCHELL BAKER, III
Baker Law Firm, PLLC
NC State Bar No. 6990
5725-F2 Oleander Drive
Wilmington, NC  28403
Fax:  910-793-9400
mbaker@bakerlawfirmpllc.com
Attorney for Plaintiffs